# Exhibit A

**SETTLEMENT AGREEMENT**

This Settlement Agreement (the "Agreement") is made and entered into by and among Plaintiff Walter Mitchell ("Plaintiff"), and Defendant DVA Renal Healthcare, Inc. ("Defendant") (collectively, with Plaintiff, the "Parties").

WHEREAS, Plaintiff was formerly employed by Defendant and has alleged that Defendant failed to pay him all wages and overtime pay due to him for work performed during his employment;

WHEREAS, Plaintiff has filed a lawsuit against Defendant that is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division (Civil Action No.: 1:20-cv-00708-JPB) (the "Lawsuit");

WHEREAS, Defendant denies the allegations in the Lawsuit;

WHEREAS, the Parties desire to amicably, finally and completely settle, resolve, and forever extinguish any and all claims that the Plaintiff has or may have against Defendant based upon its payment of wages and overtime; and

NOW, therefore, in consideration of the actions and promises described below, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

1.  *Settlement Payments.*

    a.  In consideration for Plaintiff's agreements herein, Defendant agrees to pay Plaintiff a gross total amount of Two Thousand Dollars ($2,000.00), less all applicable taxes and withholdings as required by law, payable within the later of June 30, 2020, or fourteen (14) days after the Court in the Lawsuit issues an order approving the settlement and dismissing the Lawsuit with prejudice (as contemplated by Paragraph 3 below).

        Payment will be made to Plaintiff but sent to HKM Employment Attorneys LLP at 3355 Lenox Road NE, Suite 660, Atlanta, GA 30326. Payments will be recorded on IRS Form W-2 issued to Plaintiff.

    b.  In consideration for Plaintiff's agreements, Defendant agrees to pay to HKM Employment Attorneys, LLP attorney's fees and costs/expenses in the gross amount of One Thousand Dollars ($1,000.00), payable within the later of June 30, 2020, or fourteen (14) days after the Court in the Lawsuit issues an order approving the settlement and dismissing the Lawsuit with prejudice (as contemplated by Paragraph 3 below). The payment will be made by check made to HKM Employment Attorneys LLP and sent to 3355 Lenox Road NE, Suite 660, Atlanta, GA 30326. These payments will be recorded on an IRS Form 1099 issued to HKM Employment Attorneys LLP and Plaintiff.

    c.    No payment obligations of Defendant contained herein shall be dischargeable in any bankruptcy proceedings.

    d.    Plaintiff agrees to supply any appropriate tax information and complete any appropriate tax forms in connection with this settlement, including an IRS Form W-9.

2.    *Release and Covenant Not To Sue by Plaintiffs.*

Plaintiff releases and discharges Defendant and all of its affiliates, including, without limitation, all of their past and present officers, directors, shareholders, employees, volunteers, agents, parent corporations, predecessors, subsidiaries, affiliates, branches, insurers, benefit plans, estates, successors, assigns, and attorneys (hereinafter collectively referred to as "Affiliates") from any and all claims, causes of action, damages or other relief, in law or in equity, whether known or unknown, based upon Defendant's payment of wages, including overtime pay, to Plaintiff during his employment with Defendant, including but not limited to all claims under the Fair Labor Standards Act and any other state and federal law, including but not limited to contract and tort law that relates to wage payment, as well as claims for unjust enrichment, quantum meruit or gap time. Plaintiff hereby acknowledges and covenants that, in further consideration of the foregoing, he has knowingly relinquished, waived and forever released any and all remedies that might otherwise be available to them related to payment of wages, including without limitation, claims for wages, overtime, liquidated damages, or attorney's fees. Plaintiff also agrees not to file a lawsuit against Defendant or any Affiliates in connection with any of the matters released in this Paragraph. Further, Plaintiff agrees that if anyone (including any government agency) makes a claim or investigation involving Plaintiff or in any way based upon his claims against Defendant or any Affiliates released in this Paragraph, Plaintiff waives any and all rights and claims to financial recovery resulting from such claim or investigation.

3.    *Request for Court Approval.*

The Parties agree to file a joint motion in the Lawsuit requesting that the Court issue an Order approving the terms of the settlement embodied by this Agreement and dismissing the Lawsuit with prejudice. Defendant agrees to execute this Agreement no later than three (3) days after execution by the Plaintiff. The Parties will submit such motion within five (5) days after this Agreement is fully executed. With the sole exception of the agreement of the Parties in this Paragraph to seek Court approval of the settlement, this Agreement and all of the promises made by the Parties herein are expressly contingent on the Court approving the settlement and dismissing the Lawsuit with prejudice. In the event that the Court refuses to approve the settlement, the Parties agree to work together in good faith to address any concerns raised by the Court regarding the settlement. If, after such good faith efforts by the Parties to address any concerns raised by the Court regarding the settlement, the Court refuses a second time to approve the settlement embodied by this Agreement and to dismiss the Lawsuit with prejudice, this Agreement shall be of no further force and effect. The Parties agree that in the event that Defendant defaults on the settlement payments contained herein, Plaintiffs may reopen the dismissal with prejudice in order to file a motion to enforce settlement and request for attorneys' fees, costs/expenses and interest. Plaintiff agrees not to file such a motion until ten (10) days after the passage of any deadline to deliver the payments contained herein.

4. *No Re-Employment.*

Plaintiff waives any right to employment with Defendant and/or its Affiliates, agree not to knowingly seek employment with Defendant and/or its Affiliates or with any third party in which they would be assigned to work at a facility managed by Defendant or its Affiliates, at any time in the future, and agree that any denial of employment by Defendant and/or its Affiliates is in keeping with the intent of this Agreement and shall not be a legitimate basis for a claim of discrimination or retaliation by Plaintiff.

5. *Denial of Liability.*

The Parties have entered into this Agreement solely to resolve disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation.  Neither the fact of this Agreement nor any of its parts shall be construed as an admission of wrongdoing, liability, or a violation of any law, rule, regulation or order, of any kind.

6. *Non-Disparagement.*

Plaintiff, on behalf of themselves, their agents, attorneys, heirs, executors, and assigns, agree that he shall not at any time engage in any form of conduct, or make any untruthful statements or representations, whether in writing or orally, that disparage or otherwise impair the reputation, goodwill or commercial interests of Defendant.  The obligations contained in this Paragraph shall not prohibit the Plaintiff from making truthful statements regarding the Lawsuit or regarding Defendant to administrative agencies, during judicial proceedings, or otherwise as required or compelled by a court of law.

7. *Letters of Reference.*

Should any potential future employers request from Defendant any information about Plaintiff's employment, Defendant shall provide only neutral references with dates of employment, last pay rate and position held.  Defendant will state that pursuant to company policies, its practice is not to discuss or comment on the work performance of its prior employees or their eligibility for re-employment.

8. *Acknowledgment.*

Plaintiff expressly acknowledges and agrees that he has been given a reasonable amount of time to consider this Agreement prior to its execution.  Plaintiff further acknowledges and agrees that he has read this Agreement carefully, that he has not sought any additional time for consideration, that he fully understands that the Agreement is final and binding, that it contains a release of potentially valuable claims, and that the only promises or representations he has relied upon in signing this Agreement are those specifically contained in the Agreement itself.  Plaintiff also acknowledges that this Agreement is the product of a negotiation involving their attorneys, and that they are signing this Agreement voluntarily with the full intent of releasing Defendant and its Affiliates from the claims described in Paragraph 2.

Doc ID: eeef54030eda3b6964ea47c5856ef05fceb7a405

Plaintiff affirms that he has not filed, caused to be filed, or presently are a party to any claim against Defendant, except those in the Litigation currently pending in the United States District Court for the Northern District of Georgia.

9. *Miscellaneous.*

(a) Governing Law. This Agreement, and the rights and obligations of the Parties hereto, shall be governed by and construed in accordance with the laws of the State of Georgia.

(b) Entire Agreement and Construction. This document contains all terms of the settlement between Defendant and Plaintiff and supersedes and invalidates any previous agreements or contracts. No representations, inducements, promises or agreements, oral or otherwise, which are not embodied herein, shall be of any force or effect. Because this Agreement is the product of negotiations between the attorneys of the Parties, neither party may be considered the drafter of the Agreement, and no ambiguity in any provision shall be construed against either party on account of that party being considered the drafter of that provision or of this Agreement. This Agreement may not be modified except through a writing signed by the Parties.

(c) Non-Assignment of Claims. The Parties hereby warrant, understanding that the truth of said warrant is necessary to the making of this Agreement, that each has not heretofore assigned or otherwise transferred any of the claims released through this Agreement.

(d) Successors and Assigns. The Parties' respective rights under this Agreement shall inure to the benefit of their successors, assigns, heirs, and transferees.

(e) Counterparts. This Agreement may be executed in one or more counterparts, and each shall be considered one and the same instrument. A copy of this executed Agreement transmitted via facsimile or electronic mail shall have the same force and effect as an original ink signed copy.

[*signatures on following page*]

Doc ID: eeef54030eda3b6964ea47c5856ef05fceb7a405

IN WITNESS WHEREOF, the undersigned set their hands and seals, with the approval of their attorneys.

WALTER MITCHELL

*[signature: Walter]*

Date: 06 / 19 / 2020

DVA RENAL HEALTHCARE, INC.

By: *Ashley McAteer*

Title: Senior Corporate Counsel

Date: 6/19/2020

5

Doc ID: eeef54030eda3b6964ea47c5856ef05fceb7a405